[No. 16317. Department One. October 6, 1921.]

NATIONAL FINANCE COMPANY, *Appellant,* v. L. D. EMERSON, *Respondent.*[1]

NEW TRIAL (22)—GROUNDS—SUFFICIENCY OF EVIDENCE. In an action on promissory notes where the only defense is want of consideration, it is error for the court to grant a new trial after verdict for plaintiff, where the evidence shows plaintiff is a holder in due course.

BILLS AND NOTES (97, 98)—SALES (127)—ACTIONS—DEFENSES —WANT OF CONSIDERATION. Loss of goods after delivery by seller to carrier will not sustain a defense of want of consideration for notes given for the purchase price.

EVIDENCE (158)—TO VARY WRITING—EXISTENCE OF CONDITION. In an action on notes given for the purchase price of goods, evidence that the seller orally agreed as a part of the order to make shipment in time for the Christmas trade was inadmissible as tending to vary the written agreement, and also because not accompanied by an offer to show that a loss was suffered thereby.

[1]Reported in 201 Pac. 4.

Appeal from an order of the superior court for Adams county, Truax, J., entered December 13, 1920, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff by direction of the court, in an action on promissory notes. Reversed.

*Adams & Miller,* for appellant.

*Wm. O. Lewis,* for respondent.

PER CURIAM.—This was an action brought to recover upon three promissory notes executed and delivered by the respondent to the Ramona Trading & Manufacturing Company and by that company indorsed to the appellant before maturity. The defense set up was want of consideration. On the trial, at the conclusion of all of the evidence, the court instructed a verdict for the appellant. Thereafter, on motion of the respondent, a new trial was granted, and the present appeal is from the order granting a new trial.

It is our opinion that the court was in error in granting a new trial. The evidence on the part of the appellant supported its claim that it was a holder of the notes in due course, and nothing contradictory thereof appears in the record.

Nor are we able to find that the respondent sustained his claim of want of consideration. The notes were given as the purchase price of three phonographs. The order for the phonographs was in writing and directed the seller to "Deliver to me (the respondent) at your earliest convenience f.o.b. Los Angeles, or your distributing point, the articles mentioned" in the order. The respondent testified that one of the phonographs did not reach him, but his further evidence tended to show that it had been shipped and the bill of lading forwarded him. This being the fact, delivery was made when the articles were delivered to the carrier, and it is not a defense to the notes to show

that a part of the property had been lost while in the hands of the carrier.

The respondent also offered testimony to the effect that it was orally agreed as a part of the order that the phonographs should be shipped so as to arrive in time for the Christmas trade, and that they were not so shipped. The court rejected the evidence, and it may be that it afterwards concluded that it was in error in so doing. But the evidence was rightly rejected for the reasons, first, that it tended to vary the written agreement, and second, because the offer was not accompanied by an offer to show that a loss was suffered thereby.

In whatever aspect, therefore, the case is viewed, no defense to the action is shown. The order granting a new trial is reversed, and the cause remanded with instructions to enter a judgment for the plaintiff in accordance with the prayer of its complaint.